CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
March 11, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Erica Jones
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| YVETTE C. BRANDON, ) | |
|     Plaintiff, ) | Civil Action No. 7:25-cv-00094 |
| ) | |
| v. ) | |
| ) | |
| DOUG COLLINS, ) | By:   Michael F. Urbanski |
| Secretary, Department of Veterans ) | Senior United States District Judge |
| Affairs, et al., ) | |
|     Defendant. ) | |

## ORDER

This matter is before the court on Defendants Doug Collins, Benjamin Altos, Maria Wilson, Jose Portunondo, and Vince Ruggieri's Motion to Dismiss, ECF No. 5. This matter was referred to the Honorable C. Kailani Memmer, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. ECF No. 10. The magistrate judge filed a Report and Recommendation ("R&R") on November 4, 2025, ECF No. 13, recommending that this court grant defendant's motion to dismiss. Brandon has filed a response to the Report and Recommendation, ECF No. 14 ("Plaintiff's Response to Report & Recommendation"), defendant has responded, ECF No. 15, and plaintiff has filed a reply, ECF No. 16. The court has carefully reviewed the magistrate judge's report, the responses to the report, the pertinent portions of the record, and the relevant legal authority. The court is of the opinion that the Report and Recommendation should be adopted in its entirety.

I.

Plaintiff Yvette Brandon filed her complaint against the defendants before this court on February 10, 2025, alleging disability discrimination and retaliation claims from her time as a Voucher Examiner at the Department of Veterans Affairs. ECF No. 1. By answer, defendant Doug Collins filed a Motion to Dismiss. ECF No. 5. Roseboro notice was provided to Brandon, ECF No. 7, and she filed responsive briefing on July 8, 2025. ECF No. 8. Defendants filed a reply on July 15, 2025.

This court referred the matter to Magistrate Judge C. Kailani Memmer on July 17, 2025. ECF No. 10. After this, Brandon filed a supplemental response to the motion to dismiss. ECF No. 11.

The magistrate judge filed her report & recommendation on November 4, 2025, in which she recommends granting the motion to dismiss. ECF No. 13. Brandon filed her objection to the magistrate judge's report and recommendations on November 20, 2025. ECF No. 14. The parties filed briefing on Brandon's objections. ECF Nos. 15, 16.

## II.

Any party may "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen (14) days of being served with a copy of the report, per Rule 72(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 72(b); see also 28 U.S.C. § 636(b)(1). The objection requirement set forth in Rule 72(b) of the Federal Rules of Civil Procedure is designed to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)). An

2

objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622.

The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). "By definition, de novo review entails consideration of an issue as if it had not been decided previously." United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992), as amended (Aug. 12, 1992).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) and Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "The district court is required to review de novo only those portions of the report to which specific objections have been made." Roach v. Gates, 417 F. App'x 313, 314 (4th Cir. 2011) (per curiam). See also Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only 'those portions of the report or specified proposed findings or recommendations to which objection is made.'") Such general objections "have the same effect as a failure to object, or as a waiver of such

3

objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012). See also Arn, 474 U.S. at 154 ("[T]he statute does not require the judge to review an issue de novo if no objections are filed. . ..")

Nevertheless, as the court clarified in Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023), "objections need not be novel to be sufficiently specific."

> In Martin v. Duffy, 858 F.3d 239, 245–46 (4th Cir. 2017), this Court exemplified the specificity analysis by looking solely to whether the grounds for objection were clear. There, an objection which merely "restated all of [the] claims" was sufficiently specific because it "alerted the district court that [the litigant] believed the magistrate judge erred in recommending dismissal of those claims." Id. at 246. If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III.

If a litigant could not restate his argument to the district judge, in addition to "needlessly curtailing litigants' access to an Article III judge, such a requirement could leave litigants with no available arguments, as district court judges are not required to consider new arguments posed in objections to the magistrate's recommendation." Id. at n.4.

In the absence of a specific, proper, and timely filed objection, a court reviews an R&R only for "clear error" and need not give any explanation for adopting the R&R. Carr v. Comm'r of Soc. Sec., No. 3:20-cv-00425-FDW-DSC, 2022 WL 987336, at *2 (W.D.N.C. Mar. 31, 2022) (citing Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), and Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983)). Under those circumstances, a court need "only satisfy itself that there is no clear error on the face of the

4

record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note).

### III.

In the R&R, the magistrate judge recommends that the court grant the defendants' motion to dismiss. ECF No. 39 at 15.

First, the magistrate judge recommends dismissing defendants Altos, Wilson, Portundo, and Ruggieri with prejudice because, under the Rehabilitation Act, "the only proper defendant to a federal-sector employment discrimination act…is the head of the department, agency or unit." Id. at 5 (quoting Okebata v. Dep't of Def., No. 3:22CV50 (DJN), 2022 WL 3754201, at *3 (E.D. VA. July 29, 2022), aff'd, No. 22-1899, 2023 WL 7212271 (4th Cir. Nov. 2, 2023). Second, the magistrate judge recommends dismissing Brandon's disability discrimination and retaliation claims without prejudice, because she fails to allege (a) facts to support that she is an "otherwise qualified individual" under the Rehabilitation Act; (b) facts to support "that she suffered an adverse employment action 'solely by reason of' her disability;" and (c) facts to support a causal connection between her protected activity and the alleged adverse employment actions. Id. at 8, 12, 13. Last, the magistrate judge recommends granting Brandon leave to amend her complaint. Id. at 15.

Brandon filed a response to the R&R on November 20, 2025. ECF No. 14. That response does not appear to make any specified objections to the report's findings or reasoning. Rather, the response (and its 41 exhibits) appear to reiterate and provide additional facts to support the claims made in the original complaint. See, e.g. id. at 9 ("Under Federal Rule of Civil Procedure 8(a)(d)(1) the Plaintiff states the circumstances

5

constituting fraud, reprisal for her prior protected EEO activity and hostile work environment with particularity and articulated detailed allegations that support the claim of fraud and other adverse disability discrimination issues that lays the foundation that ensures the Plaintiff's allegations are straight forward and informative that provides a clear basis for the claim to include but not limited to introducing sufficient evidence that satisfies the court.") Her reply brief does the same. ECF No. 16.

Finding no specified objections to the magistrate judge's R&R, the court reviews the R&R for clear error. Roach, 417 F. App'x at 314 (4th Cir. 2011) (per curiam); Carr, 2022 WL 987336, at *2. Finding no clear error, the court **ADOPTS the report and recommendation in its entirety**.

### IV.

The magistrate judge recommended granting Brandon leave to amend her complaint. ECF No. 30 at 15. "If a pro se complaint contains a potentially cognizable claim, the plaintiff should be afforded an opportunity to particularize his allegations." Pulley v. Zoley, No. 1:23CV846 (RDA/JFA), 2024 WL 4844789, at *3 (E.D. Va. Nov. 20, 2024)(summarizing Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)). The court **ADOPTS** this recommendation that Brandon be **GRANTED** leave to amend.

### V.

It is accordingly **ORDERED** and **ADJUDGED** that:

1. The magistrate judge's report and recommendation, ECF No. 13, is **ADOPTED in its entirety**;

2. Defendants' motion to dismiss, ECF No. 5, is **GRANTED**;

6

3. Defendants Benjamin Altos, Maria Wilson, Jose Portuondo, and Vince Ruggieri are **DISMISSED with prejudice**;

4. Brandon's disability discrimination and retaliation claims are **DISMISSED without prejudice**;

5. Brandon is **GRANTED** leave to amend her complaint within thirty ("30") days of the date of this order.

It is **SO ORDERED**.

The clerk is directed to send a copy of this order to the <u>pro se</u> plaintiff and to all counsel of record.

Entered: March 11, 2026

Michael F. Urbanski
U.S. District Judge
2026.03.11 10:42:27
-04'00'

Michael F. Urbanski
Senior United States District Judge